**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

DEX MARTIN                                                            CIVIL ACTION

VERSUS                                                               NUMBER: 25-2195

SILAS GUIDRY, ET AL.                                                 SECTION: "P" (5)

<u>**ORDER AND REASONS**</u>

On March 5, 2026, Plaintiff's Motion for Leave to File First Amended Complaint (rec. doc. 32) came on for oral hearing before the undersigned.  Defendants had filed opposition to the motion.  (Rec. docs. 35, 36, 37).  After the oral hearing, the Court ordered Plaintiff to file a supplemental memorandum in which he identifies each and every difference between the original Complaint and the proposed Amended Complaint. Plaintiff has done so.  (Rec. doc. 39).   The Court also allowed Defendants to respond to Plaintiff's supplemental memorandum, and they did so.  (Rec. docs. 40, 41, 42).  Having reviewed the pleadings and the case law, the Court rules as follows.

Because there is no Scheduling Order in place – and therefore no deadline to move for leave to amend – Rule 15 governs.  Under Rule 15(a), a party may amend its pleading with the opposing party's written consent or leave of court, which leave should be freely granted when justice so requires.  Fed. R. Civ. P. 15(a)(2).  The Rule 15(a) inquiry requires the court to balance the difficult task of assuring a party a fair opportunity to present his claims and defenses while at the same time protecting the district court from being imposed upon by the presentation of theories seriatim.  *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981) (citation omitted).  Although leave to amend is not automatic, given Rule 15(a)(2)'s bias in favor of granting leave to amend, a court "must possess a 'substantial reason' to deny a request."  *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir.

2004) (citation omitted); *accord Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004) (citing *Martin's Herend Imps., Inc. v. Diamond & Gem Trading U.S. of Am. Co.*, 195 F.3d 765, 770 (5th Cir. 1999); *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872 (5th Cir. 2000)).  The five relevant factors considered in determining whether leave to amend is proper or there is substantial reason to deny the request are: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by previous amendments, (4) undue prejudice to the opposing party, and (5) futility of the amendment.  *Gregory*, 634 F.2d at 203 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); s*ee also U.S. ex rel. Spicer v. Westbrook*, 751 F.3d 354, 367 (citation omitted).

Having reviewed Plaintiff's and Defendants' supplemental pleadings, the Court cannot find that denial of leave is warranted here.  Plaintiff's supplemental pleading details the changes between the original and proposed Amended Complaints.  Most of the amendments are innocuous and are only included to further clarify the underlying factual allegations.  And while Plaintiff seeks to add two new Defendants, the Court also cannot state that their inclusion is unwarranted at this time.  This Court finds no undue delay, bad faith, or dilatory motive.  Plaintiff only filed this lawsuit in October 2025, and, as noted, there is no Scheduling Order in place.  Plaintiff has not moved to amend his Complaint before, and therefore he has not failed to cure deficiencies through earlier amendments.

There is no prejudice to Defendants by allowing the amendment, as there is ample time to conduct discovery.  Defendants' supplemental memoranda raise many of the arguments that they have raised in motions to dismiss pending before the District Court. But this Court need only concern itself with whether the amendment should be allowed, not the merits of the underlying claims.  And while the Court recognizes that the

2

amendment may moot Defendants' motions to dismiss, that is not the type of prejudice that matters here. *See ExxonMobil Oil Corp. v. Mars Oil Pipeline Co., L.L.C.*, No. CV 25-2001, 2026 WL 290983, at *5 (E.D. La. Feb. 4, 2026). And, while perhaps unfortunate, additional costs incurred in filing a second motion to dismiss do not constitute undue prejudice either. *See Louisiana v. Bank of Am. Corp.*, No. 19-638, 2020 WL 3966875, at *3 (M.D. La. July 13, 2020) (rejecting argument that costs and expense of filing "yet another motion to dismiss" constituted undue prejudice); *Molina v. Caliber Home Loans, Inc.*, No. 15-757, 2016 WL 3660621, at *5 (N.D. Tex. Mar. 15, 2016) ("As to being unduly prejudiced because of time and money already expended in filing two motions to dismiss, while the Court . . . supports litigation economy, it also recognizes that justice may require some repetition of effort and notes the probability that much of the work already done likely can be resubmitted with minimal additional expense and effort."). Moreover, given the limited nature of the proposed Amended Complaint (*i.e.*, adding different defendants and additional assertions with regard to the pending claims against existing parties), it is difficult to see how Defendants would be required to expend <u>significant</u> time and money (as would be necessary to implicate undue prejudice) by renewing the previously filed motions.

Neither does the Court find the amendment futile. Futility requires that Court to undergo a merits determination, which is better suited for the motions to dismiss that are currently pending (or that will be re-filed) before the District Court.

Accordingly, and for these reasons,

**IT IS ORDERED** that Plaintiff's Motion for Leave to File First Amended Complaint (rec. doc. 32) is **GRANTED**.

New Orleans, Louisiana, this 30th day of _____March_____, 2026.

_____
 MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE